**IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
Civil Division

| | |
|---|---|
| NATHAN M. F. CHARLES, ESQ.<br>41 Strathford Drive<br>Lebanon, PA 17042<br>　　　　　　　Plaintiff<br>　　v.<br>McCABE RUSSELL, PA<br>8171 Maple Lawn Blvd, Suite 350<br>Fulton, Maryland 20759<br>　　　　　　　Defendant | Case No. _____<br><br>Jury Trial Demanded Pursuant to<br>F.R.C.P. 38(b) |

## **COMPLAINT**

Plaintiff, Nathan M. F. Charles, Esq., pro se, (hereinafter "Plaintiff") files this Complaint in accordance with Federal Rule of Civil Procedure 3. In support of this Complaint, the Plaintiff alleges the following facts, which he will prove by a preponderance of the evidence:

### **Jurisdiction**

1. This Honorable Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because the case involves diversity of citizenship

2. The amount in controversy exceeds $75,000.

3. Plaintiff, Nathan M. F. Charles, Esq., is a citizen and resident of the Commonwealth of Pennsylvania. His primary residence is 41 Strathford Drive, Lebanon, PA 17042.

4. Defendant, McCabe Russell, PA, (hereinafter "Defendant") is incorporated in the State of Maryland. Its principal place of business is in Fulton, Maryland.

## Venue

5. This Court is the proper venue because it is where the defendant is incorporated and conducts most of its business operations. It is also the proper venue because Plaintiff has substantial ties to the State of Maryland despite being a Citizen of Pennsylvania.

## Background

6. On or about July 20, 2023, Plaintiff filed a complaint for limited divorce in the Maryland Circuit Court for Montgomery County against his then-wife, Tiffany Summerfield Charles.

7. Defendant filed an entry of appearance in the litigation shortly thereafter.

8. On behalf of Ms. Charles, Defendant engaged in abusive discovery practices and thereby obtained voluminous information about Plaintiff. The discovery materials included information that a reasonable person would consider

2

private and confidential. That information included, but was not limited to, disclosures about Plaintiff's personal finances, the custody arrangements involving his children, and his sex life with his fiancé, Mackalynn Harmon.

9. At a date yet unknown, but no earlier than December 1, 2023, and no later than March 4, 2025, Defendant disclosed information that Plaintiff had provided in discovery to one or more third parties.

10. The disclosures included the private information described above, to wit, information about Plaintiff's personal finances, the custody arrangements involving his children, and his sex life with his fiancé.

11. Defendant made the disclosures to a group of third parties both known and unknown, including Joseph Y. Longmire Jr., Esq., a Tennessee attorney, and Mr. Christopher Davidson, Mackalynn Harmon's ex-husband.

12. At the time of the disclosures, Attorney Longmire represented Mr. Davidson in divorce and custody litigation against Ms. Harmon.

13. Defendant made the disclosures with actual malice, including the specific intent to embarrass Plaintiff and Ms. Harmon, as well as to advance the interest of Mr. Davidson vis-à-vis Ms. Harmon.

14. Defendant made the disclosures knowing and intending that they would be publicly disclosed in a court of law and otherwise.

## COUNT I
### Intrusion Upon Seclusion

15. Paragraphs 1-14 are included by reference herein.

16. Between December 1, 2023, and March 4, 2025, Defendant engaged in an intentional intrusion into the private affairs of Plaintiff by compiling private and confidential discovery information and disclosing it to a third party.

17. The intrusion involved obtaining information and knowledge about a private matter, including but not limited to information about Plaintiff's personal finances, the custody arrangements involving his children, and his sex life with his fiancé, Mackalynn Harmon.

18. The intrusion was of the kind that would be highly offensive to a reasonable person.

19. The information and knowledge involved was of a kind entitled to be private.

20. Defendant acted intentionally and with actual malice.

## COUNT II
### Public Disclosure of Private Facts

21. Paragraphs 1-14 are included by reference herein.

22. Between December 1, 2023, and March 4, 2025, Defendant publicized information, including but not limited to an audience including Attorney Joseph Longmire and Mr. Christopher Davidson.

23. Defendant also published the information to Attorney Joseph Longmire and Mr. Christopher Davidson knowing and intending that it would be published in public court proceeding related to Mr. Davidson's suit with Mackalynn Harmon.

24. The information was of a private nature, including but not limited to information about Plaintiff's personal finances, the custody arrangements involving his children, and his sex life with his fiancé.

25. The information disclosed was not of legitimate concern to the public.

26. The information was of a kind that is highly offensive to a reasonable person.

27. Defendant acted intentionally and with actual malice.

WHEREFORE, Plaintiff requests nominal damages in the about of $100 and punitive damages in the amount of $1,000,000.00.

March 5, 2025
Date

NATHAN M. F. CHARLES, Esq.
Managing Partner,
Charles International Law
Maryland Attorney 2011200007
Pennsylvania Attorney 315497
606 Baltimore Ave., Unit 207, #556
Baltimore, MD 21204
240-406-4977
nate@charlesinternationallaw.com