IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NATHAN M.F. CHARLES, ESQ.** | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-25-0728 |
| **MCCABE RUSSELL, PA,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Nathan M.F. Charles, Esq., sued Defendant McCabe Russell, PA, for invasion-of-privacy torts arising out of Charles's divorce litigation. (*See generally* ECF No. 1.) Charles is proceeding *pro se*. (*See id.* at 5.)

Before the Court is McCabe Russell's Motion to Dismiss Plaintiff's Complaint. (ECF No. 5.) The motion is fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2025).

For the reasons below, the motion will be granted, and Charles's claims will be dismissed.

### I.   BACKGROUND

#### A.   Factual Background[1]

Charles is an attorney and resident of Pennsylvania. (ECF No. 1 ¶ 3; *id.* at 5.) McCabe Russell is a law firm incorporated and based in Maryland. (*See id.* ¶ 4.)

On or around July 2023, Charles filed for divorce in Maryland state court. (ECF No. 1 ¶ 6.) McCabe Russell soon appeared on behalf of Charles's then wife, Tiffany. (*See id.* ¶¶ 7–8.)

---

[1] The following representations of fact are reproduced from the allegations of Charles's complaint. (ECF No. 1.) For purposes of assessing the pending motions, the allegations are assumed true. *See Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982); *see generally infra* Part II.

After entering its appearance, McCabe Russell began to "engage[] in abusive discovery practices." (ECF No. ¶ 8.) These practices, which Charles does not specify in his complaint, allowed McCabe Russell to "obtain[] voluminous information . . . that a reasonable person would consider private and confidential," including "disclosures about [Charles's] personal finances, the custody arrangements involving his children, and his sex life with his fiancé[e], Mackalynn Harmon."[2] (*Id.*) Charles does not allege that McCabe Russell obtained information outside of formal discovery channels; instead, he states that the information at issue was "information that [he] had provided in discovery." (*See id.* ¶¶ 9–10.)

Between December 2023 and March 2025, McCabe Russell began to disclose this private information "to one or more third parties." (ECF No. 1 ¶¶ 9–10.) These include Christopher Davidson, who is Harmon's ex-husband, and Joseph Y. Longmire, Jr., who was the attorney representing Davidson in parallel divorce and custody proceedings against Harmon. (*Id.* ¶¶ 11–12.) Charles alleges that McCabe Russell disclosed the private information "with actual malice, including the specific intent to embarrass [Charles] and Ms. Harmon, as well as to advance the interest of Mr. Davidson vis-à-vis Ms. Harmon." (*Id.* ¶ 13.) It did so "knowing and intending that [the information] would be publicly disclosed in a court of law and otherwise." (*Id.* ¶ 14.)

**B.  Procedural History**

Charles sued McCabe Russell in early March 2025. (ECF No. 1.) His claims consist of two common-law privacy torts: intrusion upon seclusion (Count I), (*id.* ¶¶ 15–20), and public disclosure of private facts (Count II), (*id.* ¶¶ 21–27). For these putative violations, he requests nominal damages of $100 and punitive damages of $1 million. (*Id.* at 5.)

---

[2] The complaint is unclear about when Harmon became Charles's fiancée. (*See* ECF No. 1 ¶ 8.)

2

In mid-May 2025, McCabe Russell moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) It contends that Charles has failed to plead facts sufficient to state either of his claims, and that, even if he had, McCabe Russell's actions would be shielded by a common-law litigation privilege. (*See generally id.*)

## II.   LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This is so even when the allegations underlying the claim are "doubtful in fact." *See Twombly*, 550 U.S. at 555.

## III.   ANALYSIS

Charles fails to state either of his claims. He does not allege that McCabe Russell accessed information that he was entitled to, or did, keep private. Nor does he allege that the firm disclosed that information to the public at large. Because the claims are facially inadequate, the Court need not address the litigation privilege issue. The claims will be dismissed.[3]

---

[3] Although the complaint does not tie the events in question to specific locations, the parties agree that Maryland law controls on all issues. (*See* ECF No. 5-1 at 4; ECF No. 6 at 1.) The Court proceeds on that assumption. *See Wiener v. AXA Equitable Life Ins. Co.*, 58 F.4th 774, 781 (4th Cir. 2023) ("A party abandons any claim that a different state's law should govern the action if it fails to raise that issue before or during trial.").

3

### A.     Charles Fails to State a Claim of Intrusion Upon Seclusion.

The tort of intrusion upon seclusion requires an "[1] intentional intrusion [2] upon the solitude or seclusion of another or his private affairs . . . [3] that would be highly offensive to a reasonable person." *Furman v. Sheppard*, 744 A.2d 583, 585 (Md. Ct. Spec. App. 2000) (citation omitted). The matter that was intruded upon must be one that "is entitled to be private and is kept private by the plaintiff." *Barnhart v. Paisano Publ'ns, LLC*, 457 F. Supp. 2d 590, 593 (D. Md. 2006) (citing *Hollander v. Lubow*, 351 A.2d 423, 424 (Md. 1976)).

Under that standard, Charles's intrusion-upon-seclusion allegations come up short. Legitimately discoverable information is not "entitled to be private." *See Barnhart*, 457 F. Supp. 2d at 593. Sensitive information, like personal finances, custody arrangements, and even one's sexual activities, are legitimately discoverable in an appropriate action. This includes a divorce case, as Charles himself all but concedes. (*See* ECF No. 6 at 3 ("Had [McCabe Russell] sought and used the discovery materials solely for the limited purpose of protecting its client's interests in the underlying Maryland divorce proceedings, its conduct might fall within the bounds of legitimate litigation activity.").) Indeed, the Court can think of few settings more appropriate for such disclosures than a divorce proceeding. Whatever Charles's discomfort in being asked to reveal that information, it is well established that one's personal distress cannot convert objectively reasonable inquests into tortious ones. *See Neal v. United States*, 599 F. Supp. 3d 270, 306 (D. Md. 2022).

Even if Charles is correct that the discovered material was the fruit of illegitimate discovery requests,[4] his claim is undercut by his allegation that he himself produced the material sought.

---

[4] It is unclear on what basis Charles finds the requests improper. In his complaint, he states only that "[t]he discovery materials included information that a reasonable person would consider private and confidential." (ECF No. 1 ¶ 8.) But in his response brief, he concedes that this information could have "fall[en] within the bounds of legitimate litigation activity" and instead casts McCabe Russell's requests as improperly motivated. (*See* ECF No. 6 at 2 (arguing

4

(*See* ECF No. 1 ¶¶ 8–10.) The intrusion-upon-seclusion tort requires intrusion into a matter that "*is* kept private by the plaintiff." *Barnhart*, 457 F. Supp. 2d at 593 (emphasis added). It affords no relief to those who hand over their information voluntarily. *See id.* This is especially true in the context of a formal inquiry, like discovery, where a plaintiff's reasonable expectation of privacy is diminished "to the extent of a reasonable investigation." *Cf. Furman*, 744 A.2d at 75–76 (quoting *McLain v. Boise Cascade Corp.*, 533 P.2d 343, 346–47 (Or. 1975)). If Charles had an issue with the scope or purpose of McCabe Russell's requests, he could have sought a protective order. And if he sought but was denied such relief, it would merely reflect the state court's conclusion that the material was not "entitled to be private" in that setting. *See Barnhart*, 457 F. Supp. 2d at 593. Either way, his claim fails.

Charles's attempts to bootstrap publication into his intrusion tort are unavailing. (*See* ECF No. 6 at 2–3.) It is the intrusion itself, not any subsequent publication, that is the object of the tort. *Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 718–19 (4th Cir. 1991) (en banc); *Hatley v. Tuffy*, Civ. No. JFM-09-711, 2010 WL 4923831, at *8 (D. Md. Dec. 2, 2010) (citing Restatement (Second) of Torts § 652, cmt. b (1977)). Far from bolstering the intrusion-upon-seclusion claim, publication is wholly irrelevant to it.

So, too, is Charles's invocation of "a long train of serious ethical violations" by McCabe Russell. (ECF No. 6 at 3–4.) Whatever the veracity of these accusations—accusations Charles raises for the first time in his response brief—they go, at most, to the purpose of McCabe Russell's requests. (*See id.* at 4 ("This pattern of misconduct, detailed across multiple filings and formal bar complaints, underscores that [McCabe Russell's] conduct here was not accidental or peripheral

---

that McCabe Russell "pursued discovery as a pretext to gather information that was later shared outside of its proper purpose, not to advance litigation but to retaliate, embarrass, and cause reputational and strategic harm").)

5

but part of a broader strategy of bad faith litigation tactics.").) An improper motive is not itself an intrusion, much less a tortious one. *See supra.*

### B. Charles Fails to State a Claim of Public Disclosure of Private Facts.

The tort of public disclosure of private facts[5] requires (1) the "disclosure of a 'private fact'" and (2) that "the defendant made the private fact 'public' in disclosing it." *Lindenmuth v. McCreer*, 165 A.3d 544, 557 (Md. Ct. Spec. App. 2017) (citing *Pemberton v. Bethlehem Steel Corp.*, 502 A.2d 1101, 1118 (Md. 1986)). The latter element requires publication "to the public at large." *Id.* (citing *Furman*, 744 A.2d at 588). It is not enough to communicate a private fact "to a single person or even to a small group of persons." *Id.* It instead must be communicated so as to "reach[], or [be] sure to reach, the public." Restatement (Second) of Torts § 652D, cmt. a.

Charles's allegations again fall short. To survive a motion to dismiss, the pleadings must do more than "tender[] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Yet the contention that McCabe Russell disclosed private information "to one or more third parties" and "to a group of third parties both known and unknown" does just that. (*See* ECF No. 1 ¶¶ 9, 11.) Nowhere does Charles allege why he believes parties other than Davidson and Longmire came to learn the private information at issue. (*See id.* ¶¶ 9–14.) Nor, for that matter, does he allege why he thinks that to be true even of Davidson and Longmire. (*See id.*) There is a fundamental, and fatal, lack of support.

Contrary to what Charles contends, this conclusion does not rest on a stingy reading of his complaint. A claim cannot move forward on a hunch. Federal pleading standards demand "more than a sheer possibility that a defendant has acted unlawfully." *See Iqbal*, 556 U.S. at 678. While

---

[5] Maryland, adopting the language of the Restatement (Second) of Torts, refers to this tort as "unreasonable publicity given to the other's private life." *See, e.g., Lawrence v. A.S. Abell Co.*, 475 A.2d 448, 450–51 (Md. 1984).

6

Charles argues that discovery is needed to determine "the true extent of the audience to whom the disclosures were made," (ECF No. 6 at 5–6), he offers no reason whatsoever to explain his belief that disclosures were made at all. To allow discovery despite that omission would be to embrace the type of watered-down pleading that Rule 8 abhors. *See Iqbal*, 556 U.S. at 678.

Even if the Court were to accredit Charles's allegation that information was shared with third parties, he would still fail to state a claim. "[O]ne or more third parties" and "a group of third parties both known and unknown" are not the same as "the public at large." *See Lindenmuth*, 165 A.3d at 557. On their face, they amount to no more than a "small group of persons" with which sharing is allowed under the public-disclosure tort (whether or not it is distasteful or inappropriate by some other standard). *See id.*

As above, Charles's appeals to motivation are not enough to resuscitate his claim. Charles maintains that McCabe Russell "made the disclosures knowing and intending that they would be publicly disclosed in a court of law and otherwise." (ECF No. ¶ 14.) But the tort requires actual, not intended, public disclosure. *See Pemberton*, 502 A.2d at 1118; *Lindenmuth*, 165 A.2d at 557. And again, at no point does Charles articulate his reasons for thinking that McCabe Russell made any plausibly public disclosures. *See supra.*[6]

## IV.   CONCLUSION

Given the nature and setting of this case—an invasion-of-privacy action against an ex-spouse's law firm for its conduct in divorce litigation—Charles faces a steep uphill climb of

---

[6] The Court is also profoundly skeptical that material discovered and shared in a judicial setting—and particularly in a divorce proceeding—could ever be both "highly offensive to a reasonable person" and "not of legitimate concern to the public," as required for a fact to be "private" within the meaning of the tort. *See Lindenmuth*, 165 A.3d at 557. After all, the "determining factor" of whether a disclosure is tortious is its "reasonableness under the facts presented." *Furman*, 744 A.2d at 78 (citation omitted). And for better or worse, divorce proceedings are environments in which embarrassing personal details often (and appropriately) come to light.

7

pleading facts sufficient to show plausible tort liability. Even on the assumption that such facts *could* be pled, Charles his not done so. Dismissal is appropriate.

Accordingly, it is ORDERED that:

1. McCabe Russell's motion to dismiss, (ECF No. 5), is GRANTED. All the claims of Charles's complaint—Counts I and II, (*see* ECF No. 1)—are DISMISSED.

2. The Clerk is DIRECTED to close this case.

DATED this 31 day of July, 2025.

BY THE COURT:

James K. Bredar
United States District Judge